WHITMIRE v. COBB.

(Circuit Court of Appeals, Fifth Circuit. May 24. 1898.)

No. 659.

1. SALVAGE—WHEN ALLOWED.
   Timber found drifting with the tide, on deep water, in a harbor, and out of control of the owners. is the subject of salvage.

2. SAME—AMOUNT OF RECOVERY.
   Upon proof that the public custodian of lost timber, who himself was entitled to demand 75 cents per stick for timber recovered, paid regularly to salvors 50 cents per stick for timber turned over to him, the court allowed a salvor 50 cents per stick as against the owner of the timber. *Held* no abuse of discretion.

Appeal from the District Court of the United States for the Northern District of Florida.

On July 7, 1896, a storm swept over the western part of Florida, taking in its course the mouths of Escambia River and Escambia Bay, an arm of Pensacola Bay. At Ferry Pass, on one of these mouths of the river, there were several thousand sticks of timber gathered together which were cast adrift by the storm, and carried by the wind and tide out into the waters of Escambia Bay. Two hundred and forty-one of these sticks, scattered along the eastern shore of Escambia Bay near Garcon Point, for a distance of one and one-half miles, were collected together by the appellee, N. H. Cobb, assisted by his three children and one man. According to his statement, Cobb worked three days in gathering two hundred pieces, and collected the balance during a period of two weeks' time. The man employed by Cobb to assist him worked one-half day. The timber was afterwards taken by Whitmire, the appellant. Thereupon the appellee filed a libel against the timber in the United States district court for the Northern district of Florida. Whitmire interposed a claim and filed his answer. Upon the hearing upon the merits the district judge awarded Cobb, the appellee, the sum of $120.50, or 50 cents per stick, as salvage, and the costs. From this decree Whitmire appeals to this court, assigning error as follows: "The district judge erred (1) in rendering a decree for the libelant; (2) in rendering a decree for so much as the

sum of one hundred and twenty dollars in favor of the libelant and against the claimant; (3) in rendering a decree of any sum whatever in favor of the libelant against the claimant; (4) in not dismissing the libel."

W. A. Blount and A. C. Blount, for appellant.

B. C. Tunison, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PER CURIAM. The assignments of error raise two questions: Is the case made by the libel one of salvage? and whether the amount allowed by the district court is erroneous, because excessive. Timber found drifting with the tide on deep water, in the harbor and out of the control of the owners, is the subject of salvage. Bywater v. A Raft of Piles, 42 Fed. 917. See, also, Muntz v. A Raft of Timber, 15 Fed. 555; A Raft of Spars, 1 Abb. Adm. 485, Fed. Cas. No. 11,529; Fifty Thousand Feet of Timber, 2 Lowell, 64, Fed. Cas. No. 4,783. Following these decisions, we hold that the case made by the libel is one of salvage.

As to the amount allowed: While we are of opinion that the salvage services in question were of a low order, and would have been adequately compensated on the basis of work and labor, yet we cannot hold that the amount allowed was so manifestly excessive as to justify its revision on appeal. The district judge acted upon proof that the public custodian of lost timber and lumber, who himself was entitled to demand and receive for each stick of timber recovered and delivered 75 cents, paid regularly to salvors of timber 50 cents per stick turned over to him. While the price paid by the public custodian was arbitrary, and not based upon services actually rendered, yet we are not prepared to say the district judge, in adopting it, proceeded upon a wrong principle or abused the discretion vested in him. The decree appealed from is affirmed.